[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11067

Non-Argument Calendar

_____

DAVID SAULSBERRY,

Plaintiff-Appellant,

*versus*

BRITNEY ELDER,
a.k.a. FTN Bae,

Defendant- Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-62362-RS

_____

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

After reviewing the parties' responses to the jurisdictional questions, this appeal is DISMISSED for lack of jurisdiction. David Saulsberry appeals from the district court's March 6, 2023 order vacating the final judgment and granting a new trial. However, we lack jurisdiction over the appeal because the order is non-final and not subject to immediate review. *See* 28 U.S.C. § 1291; *World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009) (explaining that "[a] final order is one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment" (quotation marks omitted)); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (same).

The district court's order granting a new trial makes clear that the litigation has not ended on the merits and is therefore not final. *Geithner*, 568 F.3d at 1348. Additionally, an order granting a new trial is an interlocutory order and generally appealable only after the verdict in the new trial, unless coupled with entry of judgment as a matter of law. *See Deas v. PACCAR, Inc.*, 775 F.2d 1498, 1503 (11th Cir. 1985) (providing that the grant of a new trial is an interlocutory order subject to appellate review only if coupled with a grant of a motion for judgment notwithstanding the verdict); *see also Allied Chem. Corp. v. Daiflon*, Inc., 449 U.S. 33, 34 (1980) (explaining that the grant of a new trial is generally only appealable after

23-11067                Opinion of the Court                3

the verdict in the new trial).  Finally, the order is not appealable under the collateral order doctrine, as it is capable of review after an appeal from a subsequent final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (setting out the requirements for immediate appeal under the collateral order doctrine); *see also Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-31 (1985) (stating that the possibility of additional litigation expense is not alone sufficient to warrant review).  Accordingly, we lack jurisdiction over this appeal.